IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARKET TAMPA
INVESTMENTS, LLC,

      Plaintiff,                          CASE NO.: _____

vs.

WESTERN WORLD
INSURANCE COMPANY,

      Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, WESTERN WORLD INSURANCE COMPANY (hereinafter "WWIC"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, styled *Market Tampa Investments, LLC vs. Western World Insurance Company*, Case No. 19-CA-006000, where Plaintiff filed suit against WWIC, and further states:

## TIMELY NOTICE OF REMOVAL

1.      On June 7, 2019, Plaintiff filed a Complaint against WWIC in the Circuit Court of the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida.  On June 25, 2019, WWIC was served with a Summons and copy of the Complaint in connection with the state action.

2.      Plaintiff's Complaint asserts that WWIC breached an insurance contract issued to Plaintiff.  The Complaint does not state the specific amount of damages sought by Plaintiff, only "[t]hat this is an action for damages exceeding Fifteen-Thousand Dollars ($15,000.00), exclusive

1

of costs."[1]

3.      On July 30, 2019, Plaintiff served its answers to interrogatories served by WWIC on July 1, 2019, thereby identifying the members of Market Tampa Investments, LLC and declaring that Plaintiff is seeking damages in the amount of $317,206.73.

4.      Accordingly, pursuant to 28 U.S.C. § 1446(b), WWIC timely files this Notice of Removal within one year of the filing of the Complaint and within thirty (30) days of WWIC's receipt through service of a pleading or other paper in which WWIC could ascertain that the case is one which is removable.

**VENUE**

5.      Venue is proper in the United States District Court for the Middle District of Florida because the state court action originated in Hillsborough County, Florida.

**JURISDICTION**

6.      This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, WWIC is entitled to remove this action pursuant to 28 U.S.C. § 1441.

**COMPLETE DIVERSITY IS *NOW* ESTABLISHED**

7.      A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its 'nerve center' ").

---

[1] *Compl.* ¶ 1.

8.       Here, WWIC is, and was at the time the Complaint was filed in Florida state court, a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Parsippany, New Jersey.   Accordingly, WWIC is a citizen of New Hampshire and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

9.       For purposes of determining diversity of citizenship, a limited liability company has the citizenship of its members.   *Rolling Greens MPO, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).   An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam).

10.     As previously stated, on July 30, 2019, Plaintiff served its answers to interrogatories served by WWIC on July 1, 2019.[2]

11.     The second numbered interrogatory requested Plaintiff to "[p]lease identify and list all of the current members of Market Tampa Investments, LLC.[3]   Additionally, the second numbered interrogatory requested Plaintiff to "[p]lease also identify each member's permanent, fixed, residential address."[4]

12.     In response to the second numbered interrogatory served by WWIC, Plaintiff answered:

> Justin W. Savich
> 4534 W. Beachway Drive
> Tampa, FL 33609 [5]

---

[2] *See* Defendant, WWIC's Interrogatories to Plaintiff, Market Tampa Investments, LLC and Plaintiff's Response to Defendant's Interrogatories, collectively attached hereto as **Exhibit "1."**

[3] *Id*. at ¶ 2.

[4] *Id.*

[5] *Id.*

13.     Based upon public information and belief, Plaintiff's member, Justin W. Savich has an active driver's license listing a Florida address issued by the state of Florida, a vehicle registered in the state of Florida, he is a registered voter in the state of Florida, and he is the owner of residential property located in Hillsborough County, Florida.

14.     Accordingly, the members of Market Tampa Investments, LLC are Florida citizens for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

15.     Plaintiff's Complaint asserts a cause of action for a breach of contract, alleging that WWIC failed to issue full payment under its insurance policy for a hurricane loss occurring on December 20, 2018.[6]  Plaintiff asserts that Plaintiff has suffered damages as a result of the loss, along with attorney fees and costs.[7]

16.     WWIC bears the burden of establishing the jurisdictional amount by a preponderance of the evidence.  *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209-11 (11th Cir. 2007).  On July 30, 2019, Plaintiff served its answers to interrogatories served by WWIC on July 1, 2019.[8]

17.     The first numbered interrogatory served by WWIC requested Plaintiff to "[p]lease provide a specific dollar amount reflecting the damages you are seeking for the subject claim and identify all reports, estimates, proposals, contracts, written agreements, change orders, invoices, receipts, correspondence or any other documents supporting or demonstrating your claim for

---

[6] *See Compl. ¶¶ 8-19.*

[7] *Id.* at page 3 ('WHEREFORE clause').

[8] *See* **Exhibit "1."**

these damages."[9] In response to the first numbered interrogatory served by WWIC, Plaintiff

states $317,206.73, and refers to an estimate of damages for property repairs.[10]

18.    Accordingly, the amount in controversy between Plaintiff and WWIC for

damages related to the insurance contract exceeds the $75,000.00 amount in controversy

requirement for diversity jurisdiction.  The total amount in controversy related to the purported

loss is $308,275.58.[11]

<h3 style="text-align:center;">COMPLIANCE WITH 28 U.S.C. § 1446</h3>

19.    Pursuant to 28 U.S.C. § 1446(d), WWIC provided written notice of the filing of

the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all

adverse parties and to the Thirteenth Circuit Hillsborough County Clerk of Court.  Furthermore,

as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and

other papers or exhibits of every kind filed with the state court are being filed with this Notice of

Removal.[12]

**WHEREFORE**, WWIC requests that this Court exercise jurisdiction over this matter.

---

[9] *Id.* at ¶ 1.

[10] *See id.,* along with Plaintiff's estimate of alleged damages, attached hereto as **Exhibit "2."**

[11] Here, the amount in controversy is the difference between the $317,206.73 Plaintiff seeks, less WWIC's prior payment for undisputed damages related to the loss in the amount of $8,931.15.

[12] *See* State Court Pleadings, collectively attached hereto as **Exhibit "3."**

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Maxwell H. Stape, Esq.
**TROY J. SEIBERT, ESQ.**
Florida Bar No.:  0084668
tseibert@butler.legal
Secondary:     knelson@butler.legal
                      msmalls@butler.legal
**MAXWELL H. STAPE, ESQ.**
Florida Bar No.:  1007734
mstape@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant,*
*Western World Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof has been furnished to:

Florin Roebig, P.A.
Kavon P. Smith, Esq.
Wil H. Florin, Esq.
777 Alderman Road
Palm Harbor, FL  34683
ksmith@florinroebig.com
whf@florinroebig.com
Secondary:  chase@florinroebig.com
                    mberje@florinroebig.com
*Attorneys for Plaintiff,*
*Market Tampa Investments, LLC*

by CM/ECF on August 5, 2019.

/s/ Maxwell H. Stape, Esq.
**MAXWELL H. STAPE, ESQ.**